## CALVERT FIRE INS. CO. v. VANHOOSE.

Court of Appeals of Kentucky.
May 2, 1952.

W. A. Johnson, Paintsville, for appellant.

Wheeler & Wheeler, Paintsville, for appellee.

MOREMEN, Justice.

Appellee, Ben VanHoose, owned a coal truck which was insured in Calvert Fire Insurance Company. The truck was seriously damaged by fire. The adjuster met with the insured. Appellee's father, who was also named Ben VanHoose, was present. The adjuster presented an instrument styled, "Loss or Damage Agreement," which was signed by Ben H. VanHoose, who is the father. This agreement, which stated that its sole purpose was to fix the total amount of the claim made, provided that the "undersigned" agreed that the total damage was $465, and, in the event a payment was made of that sum by the company, its obligation under the policy would be completely discharged. On the reverse side of this instrument a description of the fire and loss was given. Ben VanHoose, Jr., signed this side of the sheet on a line marked, "Signature of Driver."

On August 10, 1949, Ben, Jr., signed a blank furnished by the insurance company styled, "Authorization to Repair," addressed to Sparks Auto Wrecking, Charleston, W. Va., which read: "This is your authority to repair my: 1946 G.M.C., 1½ ton truck, 23616525, on the basis of your estimate covering the cost of repairs and for replacements. It is understood by the undersigned that in carrying out these instructions you are acting solely for the undersigned and not for the insurance company, or for any of its representatives."

Pursuant to the order, Sparks Auto Wrecking took the car from Paintsville to Charleston, W. Va. In about a month the truck was returned to the Big Sandy Motor Co. in Paintsville. Mr. E. L. Pack of that company signed the receipt for the truck and made an examination of it. He found it in bad condition, and, in his opinion it was unsafe for operation on the highway. When it was brought to his place it was hauled on another truck and was not driven. He stated that he had sold the truck originally to Ben VanHoose for $860 and he thought he had sold it for less than it was worth.

Thereafter appellee filed a petition against appellant in which he alleged that the reasonable worth of the truck immediately before the fire and at the time and place said fire occurred was $1,000 and that immediately after said fire the truck was worthless and of no value. He sought damages in the sum of $860. Appellant filed answer in which, among other things, the amount of damage was denied and it was further pled that by the terms of the "Loss

or Damage Agreement" above described, the loss had been fixed at $465. That under the "Authorization to Repair," appellee authorized the Sparks Auto Wrecking Co. to repair said vehicle and that the charges for said repairs had been fully paid by the appellant and that by reason of said performance appellant was not indebted to appellee in any amount.

At the completion of the introduction of evidence for both sides the case was submitted to a jury which returned a verdict in the sum of $600. From a judgment entered on that verdict this appeal is prosecuted.

Appellant contends: (1) that where claimant signs written agreement to accept a certain sum for unliquidated damages, payment of said amount by insurer to person authorized to receive it constitutes an accord and satisfaction; (2) that the "Loss and Damage Agreement" was signed by appellee and accepted by appellant by payment of the amount stated, and constituted satisfaction of appellee's claim for damages under the policy; (3) that instruction No. 3 given by the court, although erroneous, should have been followed by the jury.

■ Appellant's first argument overlooks the fact that the authorization for repair work specifically provides that the work is being done for the "undersigned" and not for the insurance company. Under such a circumstance the insurer should not be permitted to pay a repair bill regardless of whether the repairs were satisfactory. Evidence was introduced by appellee to the effect that the truck was in worse condition after it was returned to the Big Sandy Motor Co. than it was before they hauled it away. Appellee testified that it was a total wreck. Therefore a payment by the insurer without authorization for payment from appellee is not accord or satisfaction.

Appellant's second contention is based upon the assumption that appellee signed the "Loss and Damage Agreement" or at least stood by and permitted his father to sign it and since appellant had paid to the wrecking company the amount claimed, appellee's claim was satisfied. In this connection it will be noted that appellant in its answer stands on the alleged accord and satisfaction resulting from payment to Sparks Auto Wrecking Co. The agreement was not pled for the purpose of limiting recovery to $465 and the question of whether this amount is a maximum which appellee might recover in any event is not before us nor was it at issue in the trial. The sole question in this connection which we have is whether the payment of $465 to the West Virginia company is complete satisfaction. For the reasons indicated we are of the opinion that it is not accord and satisfaction.

■ Appellant's third contention is based upon an unexplained error which appears in instruction No. 3. This instruction states that if the jury finds for the plaintiff under instruction No. 1, title to the truck should be awarded to the insurance company and plaintiff be allowed such sum as would fairly represent the value of the truck after the fire not to exceed $25, the highest amount shown in the evidence. Instruction No. 1 directed that if the truck was completely destroyed by fire while said policy was in force and effect that the insured should recover the sum of $860, the amount sued for. It was perhaps the intention of the court to instruct that any amount which was awarded under instruction No. 1 should be credited with the value of the automobile as junk. We think this error in the instruction is unimportant because it is plain from the evidence and the verdict rendered that the jury returned their verdict under instruction No. 2 which instruction set out the insurance company's theory of the case concerning money paid by them in repair of the truck and further instructed that if the truck was not in as good condition after repair as it was before the same was damaged or destroyed by fire that they should find for appellee in such sum as would fairly and reasonably compensate him for the difference in the value of the said truck immediately before the fire and its value after the attempted repair. We find no substantial error in the instruction or in the record.

Therefore, the judgment is affirmed.